UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROCIO POSADA, on her own behalf and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) FILE NO: ) |
| vs. | ) FAIR LABOR STANDARDS ACT ) ACTION |
| CLINICA UNION, INC. and MARIO RIVERA, Defendants. | ) ) ) |

## COMPLAINT

COMES NOW Plaintiff and hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337. This Court also has jurisdiction pursuant to 29 U.S.C. §216(b).

2.

1

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

## PARTIES

3.

Plaintiff was a Medical Assistant who was denied overtime compensation during the term of her employment.

4.

Plaintiff brings this action as a collective action on behalf of herself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).   The Plaintiff consents to serve as the employee representative for the class.

5.

Defendant Clinica Union, Inc. is a corporation formed under the laws of the State of Georgia.   Defendant may be served with process through its registered agent, Ralph Perales, 3 Corporate Boulevard, Suite 250, Atlanta, Georgia, 30329.

6.

Defendant Clinica Union, Inc. is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

7.

Defendant Mario Rivera is the CEO and/or owner of Clinica Union, Inc. who was acting in the interest of Clinica Union, Inc. and is an employer with the meaning of FLSA § 203(d) as he set the terms and conditions of employment for Plaintiff, including the decision not to pay Plaintiff overtime. Defendant Mario Rivera may be served with process at 3369 Buford Highway NE, Atlanta, Georgia, 30329.

8.

By not paying overtime, Defendant was able to personally profit more from his ownership of Clinica Union, Inc., and pay himself a greater profit, salary and/or benefits.

**FACTUAL ALLEGATIONS**

9.

Upon information and belief, Defendant has in the past and currently employs over 25 employees as in the metropolitan Atlanta area.

10.

Plaintiff, as well as the employees she seeks to represent, engage or engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. §207(a).

11.

The main purpose of Plaintiff's job was to do a combination of routine clerical and medical tasks including working at the front desk, answering phone calls, greeting patients, cleaning the clinic, taking patient vitals, weighing patients, and drawing blood.

12.

At all times relevant to this case, the Plaintiff was not responsible for supervising any other employees.

13.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

14.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

15.

At all times relevant to this action, Plaintiff possessed no independent discretion regarding the pricing or fees for services and had no authority to negotiate these matters with customers; Plaintiff did not otherwise possess discretion or exercise independent judgment in the daily activities performed.

16.

At all times relevant to this action, Plaintiff was required to work a specific schedule and had to clock in and out of work.

17.

From at least March 1, 2011 until December 31, 2013 Defendants required Plaintiff to work in excess of 40 hours per workweek.

18.

From at least March 1, 2011 until December 31, 2013 Defendants did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which she was employed.

19.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §207.

20.

Defendants are liable to Plaintiff for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

**COUNT I:   CLAIM FOR RELIEF UNDER FLSA § 207**

21.

The above facts support Plaintiffs' claim for relief under the FLSA.

22.

Defendants' failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.   Said violation is intentional and willful.   Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the

unpaid compensation, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff requests this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for plaintiffs who elect to participate in this action by filing proper written notice with the Court;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Award to Plaintiff and to each member of the opt-in class payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(e) Award Plaintiff her attorney's fees and costs; and

(f) Award any other such further relief this Court deems just, equitable and proper.

## **JURY DEMAND**

Plaintiff herein requests trial by jury of all issues in this action.

This 7th day of March, 2014.

        **Keegan Law Firm, LLC**

        /s/Marcus G. Keegan
        Marcus G. Keegan
        Georgia Bar. No. 410424
        Elizabeth A. Main
        Georgia Bar No. 916409
        1418 Dresden Drive
        Suite 240
        Atlanta, Georgia   30319
        (404) 842-0333(Phone)
        (404) 920-8540 (Fax)
        mkeegan@keeganfirm.com
        emain@keeganfirm.com


        **Shelton Law Practice, LLC**

        /s/Cherri L. Shelton
        Cherri L. Shelton
        Georgia Bar No. 276937
        3939 Lavista Road
        Suite E-352
        Tucker, Georgia 30084
        (678) 757-4157 (Phone)
        (678) 882-7499 (Fax)
        cshelton@sheltonlawpractice.com